Common Pleas Court of Hamilton County.

MORRIS WEINBERG V. IKE SIMON, ET AL.

Decided July 5, 1932.

*Julius R. Samuels,* for plaintiffs.
*Strother, Greenberg & Schubert,* for defendants.

ALFRED MACK, J.

Heard on demurrer to cross-petition.

From the pleadings it is undisputed that on October 31, 1928, plaintiffs leased to defendants certain real estate for a period of three years from the first day of November, 1928 to be fully ended and completed on October 31, 1931. By the lease it was provided that defendants were to pay semi-annual installments on the first days of May and November of each year, the first to be paid on May 1, 1929. In addition defendants were to pay all taxes, assessments, etc. The rental was based on $6\frac{1}{2}\%$ of the unpaid purchase price and as payments were made on account of purchase price said rental was to be reduced ratably. By the terms of the lease defendants bound themselves to pay $250.00 on account of purchase price at the end of each year during the term of the lease. The lease provided for privilege of purchase on the payment to lessors during the continuance of the lease of the sum of $5000.00. On October 31, 1931, defendants notified plaintiffs they would not exercise the privilege of purchase and surrendered the premises.

Defendants' cross-petition alleges the payment of said sum of $250.00 on May 1, 1929, and on May 1, 1930, "as

a credit upon the purchase price of $5000.00 in event defendants exercised the privilege of purchase, as provided in said lease with privilege of purchase."

The cross-petition alleges that defendants never exercised the privilege of purchase and that there is due them from the plaintiffs said $500.00 "for money paid without consideration and for money had and received without consideration to said defendants."

In the opinion of the Court the cross-petition does not state facts constituting a cause of action and the demurrer thereto should be sustained. There is a valid consideration for the payment of said sums, to-wit, the granting of an option for purchase at $5000.00 at any time during the continuance of the lease, the lessees absolutely binding themselves to pay $250.00 annually until they exercise such privilege of purchase. In default of exercising the privilege of purchcase, such payments, in the opinion of the court, are and should remain the property of plaintiffs as valid consideration for the granting of the option of purchase in the event it is exercised; to be applied on the privilege of purchase if such privilege is availed of, and if not, to be and remain the property of lessors.

As is stated in 35 Corpus Juris, page 1038, such an option prior to its exercise does not prevent the existence of the relationship of landlord and tenant, although the payments are to be credited upon the purchase price in case of the exercise of the option.

Our Supreme Court in the case of *Gilbert & Ives* v. *Post*, 28 O. S. 276, emphatically declared that a lease with privilege of purchase is both a lease and option to purchase, and should receive that construction which will preserve the rights of the parties under the contract in either aspect.